ertheless, a proceeding before a register, within the meaning of section 5009, and accordingly any issue of fact or of law raised and contested by any creditor in the course of such inquiry, may be adjourned into court for decision by the judge, in the manner prescribed by section 5009. A question of law is raised when under, objection, the register determines a certain course of examination to be frivolous and calculated needlessly to occupy time, and upon that ground refuses to permit the creditor to continue the examination. The proper mode of presenting such a question would be to allow a reasonable number of interrogatories to be put in order to show the course of the examination, which questions being excluded, if the register is satisfied that the examination is being continued for the purpose of delay or vexation, would enable the court to determine whether the line of inquiry was such as to justify the conclusion of the register. Of course a limit could properly be put to the number of interrogatories allowed to be propounded for that purpose. Peck v. Richmond, 2 E. D. Smith, 380. The register has not the power, by an announcement beforehand, to fix a limit of time within which the examination of the debtor must be concluded without regard to the nature of questions sought to be put, or the interest with which the same are propounded. In this case, the register, at a certain stage of the proceedings, announced that the examination of the debtor at the instance of a certain creditor must close at a certain hour, and upon the arrival of that hour terminated the examination, upon the sole ground that the hour had arrived at which he had announced that the examination must close. In this I am of the opinion that the register erred. The reason for the action of the register is stated by him to be that the examination was vexatious and not for a legitimate purpose. The examination, as submitted to me, does not enable me to say that the reason assigned has a foundation in fact. I cannot regard the course pursued in the former examination, which is outside of the inquiry commenced on the 11th. It is the latter only that can be considered on this occasion, and while I find in that examination many questions to have been put and answered, to which objections might properly have been made, I find no questions put and excluded which enable the court to say that that examination was vexatious, or for an improper motive. The papers show that that examination was not closed by reason of the nature of the questions being put, but solely because the limit of time fixed for the examination had arrived. In closing the examination upon that ground the register erred.

The other question certified does not arise in the pending examination, and therefore does not require determination at this time.

[For subsequent proceedings in this litigation, see Cases Nos. 14,030, 14,031, 14,029, 14,032, 14,033, 14,035, 14,034, and 11 Fed. 463.]

## Case No. 14,037.

### TIGHLMAN v. WERK.

[Cited in Goodyear Dental Vulcanite Co. v. Willis, Case No. 5,603. Nowhere reported; opinion not now accessible.]

## Case No. 14,038.

### The TIGRIS.

[3 Law Rep. 428.]

District Court, D Massachusetts. Feb., 1841.

QUI TAM ACTION — VESSEL ENGAGED IN SLAVE TRADE — ALIEN LIBELANT — CONDITIONS — WAR —RIGHT OF SEARCH—WHEN ALLOWED IN TIME OF PEACE.

1. The right of search is a belligerent right, and not allowable in time of peace, unless against pirates or other offenders against the law of nations.

2. Where a vessel of the United States was seized by a British cruiser, on suspicion of being engaged in the slave trade, and was sent to the United States in charge of a British officer, and a libel, qui tam. was filed against her by the seizer; it was *held*, that process in rem would not be denied because the libellant was an alien, but would be granted on condition that he entered into stipulation, with sureties, to abide the final decree, and such interlocutory orders as might be made in the premises. Whether the libel could be ultimately maintained—quære.

This was the case of a libel, filed on the 15th of January last, by H. J. Matson, of the kingdom of Great Britain and Ireland, lieutenant in the navy of her Britannic majesty, and commander of her Britannic majesty's brig Water Witch, prosecuting as well for the United States as for himself, against the brig Tigris, of Salem, in this district, and the goods and effects on board said vessel, for a forfeiture of the vessel and her lading for certain alleged violations, on the coast of Africa, on the 7th day of October last, of several statutes of the United States for the suppression of the slave trade; the Tigris being then under command of Nathaniel Frye, of Salem. On notice to show cause why admiralty process should not issue as prayed for by the libellant, Robert Brookhouse and William Hunt, of Salem, asserted owners of the brig and cargo, offered the following objections against the issuing of a warrant of arrest. on the aforesaid libel: (1) Because the libellant had seized and brought said vessel and cargo into this district, by force and unlawful violence, and the same being so seized and brought in by him, was not now liable to this process in behalf of said Matson. (2) Because no offence had been committed on board of said vessel. such as is charged in said libel, and that of this they were ready to make proof. (3) That said libellant was an alien, and was now in a foreign country, and had not appeared in this court by himself. and no one exhibiting or offering any power or authority to act on his behalf, had appeared for him, to sue and prosecute the above libel. (4) That an alien could not sustain a libel qui tam, in the manner of this case.